# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **STAHLS' INC.,**<br>**d/b/a GroupeSTAHL,**<br>**a Michigan corporation,**<br><br>   *Plaintiff*,<br><br> v.<br><br>**VEVOR CORPORATION,**<br>**a California corporation,**<br><br>**SHANGHAI SISHUN MACHINERY**<br>**EQUIPMENT CO., LTD.,**<br>**a Chinese corporation,**<br><br>**and**<br><br>**SANVEN CORPORATION,**<br>**a California corporation,**<br><br>   *Defendants*. | Hon.<br><br>Civil Action No.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT, FEDERAL TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION, FEDERAL FALSE ADVERTISING, FEDERAL COPYRIGHT INFRINGEMENT, AS WELL AS UNFAIR COMPETITION, MISAPPROPRIATION AND TRADEMARK INFRINGEMENT, DILUTION, DECEPTIVE TRADE PRACTICES AND UNJUST ENRICHMENT UNDER STATE AND/OR COMMON LAW AND DEMAND FOR JURY TRIAL

Plaintiff Stahls' Inc., d/b/a GroupeSTAHL, through its attorneys Fishman

Stewart PLLC, for its Complaint against Defendants Vevor Corporation, Shanghai

SiShun Machinery Equipment Co., Ltd and Sanven Corporation states and alleges as follows:

## THE PARTIES

1.      Plaintiff Stahls' Inc., d/b/a/ GroupeSTAHL ("Stahls'") is a Michigan corporation with a place of business at 6353 E 14 Mile Road, Sterling Heights, Michigan 48312.

2.      On information and belief, Defendant Vevor Corporation ("Vevor") is a California corporation with a place of business at 1172 Murphy Avenue, Ste. 237, San Jose, California 95131, and has appointed Angel Acuna of Christopher Huang CPAs, Inc., 1172 Murphy Avenue, Ste. 237, San Jose, California 95131, as its registered agent for service of process.

3.      On information and belief, Vevor operates under assumed names Taicang Vevor Machinery Equipment Co., Ltd and Vevor Machinery Equipment Co., Ltd.

4.      On information and belief, Jiao Rubao (also referred to as Rubao Jiao) is Manager and Director of Vevor and/or entities affiliated with Vevor located in foreign jurisdictions.

5.      On information and belief, Defendant Shanghai SiShun Machinery Equipment Co., Ltd ("SSME") is a Chinese corporation having a place of business at Rm. 201, Bldg. 3, No. 3131, Jinshajiang Road, Jiading District, Shanghai

2

200000, China, and having an office in the United States at 1172 Murphy Avenue, Ste. 237, San Jose, California 95131, and is the parent company of Vevor.

6.   On information and belief, SSME operates under the assumed name Shanghai SiShun Ecommerce Co., Ltd.

7.   On information and belief, SSME has a distribution warehouse located at 1900 Proforma Avenue, Ste. E, Ontario, California 91761.

8.   On information and belief, Jiao Rubao (also referred to as Rubao Jiao) is President of SSME.

9.   On information and belief, Defendant Sanven Corporation ("Sanven") is a California corporation having a registered address at 11740 Dublin Blvd., Ste. 205, Dublin, California 94568, and operates a distribution warehouse at 1900 Proforma Avenue, Ste. E, Ontario, California 91761.

10.   On information and belief, Jiao Rubao (also referred to as Rubao Jiao) is an Officer of Sanven.

11.   Alternatively, on information and belief, Jiao Rubao (also referred to as Rubao Jiao) has previously held a role as an Officer of Sanven and entities affiliated with Sanven located in foreign jurisdictions.

12.   On information and belief, Vevor is acting in concert with Sanven and/or doing business as Sanven.

3

## NATURE OF THE ACTION

13.     This is a civil action for injunctive relief, damages and attorney's fees and costs arising under federal laws for patent infringement, trademark infringement, false advertising and unfair competition, and copyright infringement, as well as under the laws of Michigan and common law for trademark infringement and unfair competition, misappropriation, dilution, unfair and deceptive trade practices and unjust enrichment as a result of Defendants' willful infringement of Stahls' rights and other wrong acts conducted by Defendants in connection with such infringement, including the commission of acts of infringement by using, making, importing, offering to sell and/or selling a product and/or products that infringe one or more claims of United States Patent No. 8,418,739 ("the '739 Patent"), of willful infringement of Stahls' rights in the federally registered mark FUSION (the "FUSION Mark") and of willful infringement of Stahls' proprietary content subject to a federal Copyright Registration under Registration No. TX 8-137-968 (the "'968 Registration").

## JURISDICTION AND VENUE

14.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, specifically §§ 271 and 281-285.

4

15.     This is also an action that arises under the Lanham Act, Title 15 of the United States Code, specifically for trademark infringement under § 1114 et seq.; for unfair competition under § 1125 et seq.; for false advertising under § 1125 et seq.; for state and common law trademark infringement, unfair competition, unfair and deceptive trade practices, unjust enrichment, misappropriation and dilution.

16.     This is also an action that arises under the Federal Copyright Act, as amended, Title 17 of the United States Code, specifically §§ 101 et seq. and 501 et seq.

17.     This Court has jurisdiction over Plaintiff's Patent Law claims, Federal Copyright Act claims, and Lanham Act claims under 28 U.S.C. §§ 1331, 1332, 1338(a) and (b).  This Court has supplemental jurisdiction over any common law and state statutory claims under 28 U.S.C. § 1367, and the principles of pendent jurisdiction.

18.     This Court has personal jurisdiction over Defendants. Upon information and belief, Defendants conduct and solicit business within this district and elsewhere in Michigan through, at least, their interactive website (www.vevor.com) and third party e-commerce businesses including eBay® (www.ebay.com) and Amazon.com® (www.amazon.com), on which sales orders can be placed and on which Vevor uses the identical or confusingly similar mark ("infringing FUSION Mark") incorporating Stahls' FUSION Mark in connection

with the sale of goods. The www.vevor.com, www.ebay.com and www.amazon.com websites are accessible by Internet users throughout the country, including users within this district and elsewhere in Michigan. Upon information and belief, Defendants have used the infringing FUSION Mark without authorization or consent from Plaintiff Stahls', including in Michigan. Defendants' actions are aimed, at least in part, to Michigan residents. Additionally, personal jurisdiction over Defendants is proper under M.C.L.A. §§ 600.711 and 600.715 because, upon information and belief, Defendants practice the unlawful conduct complained of herein including, *inter alia*, committing wrongful acts that are intentionally targeted at Stahls' and Stahls' proprietary website content protected by the '968 Registration that is, at least in part, conducted in the State of Michigan and within this District, because such unlawful conduct causes tortious injury, at least in part, within the State of Michigan and this District, and because Defendants purposefully avail themselves of the privileges of acting in this District by one or more of the Defendants soliciting business within the State of Michigan and this District, including the offering either directly or indirectly of targeted advertising and targeted offers for sale incorporating the infringing FUSION Mark.

19.     Upon information and belief, personal jurisdiction over Defendants also comports with the United States Constitution and M.C.L.A. §§ 600.711 and 600.715 because Defendants conduct and solicit business within this district and

6

derive substantial revenue from the sales of their products within this district and elsewhere in Michigan, including the commission of acts of infringement that infringe one or more claims of the '739 Patent.

20.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

### PLAINTIFF'S ACTIVITIES AND PROPRIETARY RIGHTS

21.    The innovator and leader in pre-cut and custom athletic numbers, letters and logos since its 1932 founding in the Detroit area garage of husband-and-wife team A.C. and Ethel Stahl, Stahls' is known and respected worldwide in the sportswear, custom apparel and promotional products industries for equipment, materials and services.

22.    Stahls' has been and is now extensively engaged in the designing, manufacturing, marketing and selling of heat transfer presses and related goods ("Stahls' Goods and Services"), under Stahls' FUSION Mark, recognized as the world's first touch-screen heat press designed as a combination swinger and draw press.

23.    Since at least 2008, Stahls' has used its FUSION Mark. Stahls' is the owner of a federal trademark registration for the FUSION Mark. U.S. Registration No. 4183393 is for "heat transfer presses; heat transfer presses for applying letters,

numbers, graphics or designs onto garments or other substrates" with a first use date of at least 2008. A copy of the Certificate Registration for the FUSION Mark is attached hereto as **Exhibit A**.

24.     Stahls' registration for the FUSION Mark is valid, subsisting and in full force and effect. Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Stahls' federal registration certificates constitute *prima facie* evidence of the validity of the FUSION Mark, as well as Stahls' ownership and exclusive right to use the FUSION Mark in commerce in connection with the identified goods and services.

25.     The FUSION Mark is used extensively in the United States and elsewhere in connection with the designing, manufacturing and selling of Stahls' Goods and Services and in various advertising and promotional media, including the Internet, trade shows, and through various printed media. Stahls' Goods and Services are used in, at least, online retail, and are advertised and sold through a website using the domain name www.stahls.com. Screenshots of Stahls' website (www.stahls.com) showing the FUSION Mark used in connection with the sale of heat transfer presses are reproduced below:



26.     Since at least 2008, Stahls' FUSION Mark has been widely advertised and offered in interstate commerce throughout the United States. Stahls' FUSION Mark is used extensively in the United States in connection with Stahls' Goods and Services and in various advertising and promotional media, including the Internet. The superior characteristics and features of Stahls' FUSION heat press have even been recognized as newsworthy in their own right by top media organizations. As merely one example, an article in the <u>New York Times</u> from its published edition of May 9, 2014, featured Stahls' Goods and Services under the FUSION Mark for its integral role in enabling the National Football League to hand each player selected in the first round of the Draft a personalized high quality jersey in less than two minutes. A version of the article is attached as **Exhibit B** from the New York Times website along with a video illustrating the superior performance of Stahls' FUSION heat press. The article and the featured video is publicly accessible at the New York Times website (www.nytimes.com) through the web address: http://www.nytimes.com/2014/05/09/sports/football/personalizing-jerseys-of-top-nfl-picks-is-a-race-against-the-clock.html?ref=sports&_r=1.

27.     As a result of the quality of Stahls' Goods and Services and the widespread promotion thereof under the FUSION Mark, Stahls' Goods and Services have met with substantial commercial success and widespread consumer recognition. As a further result, Stahls' distinctive FUSION Mark has become

extensively known and famous, with the FUSION Mark having become a symbol of Stahls', its quality products and services, and its goodwill.

28.     Stahls' has for many years maintained successful websites including its website (www.stahls.com) that features a wide variety of Stahls' Goods and Services, on which customers can place orders directly over the Internet as well as review descriptions and specifications of the Stahls' Goods and Services.

29.     As a result of considerable sums of money, time and effort, Stahls' development of its website has involved creation of attractive displays and unique product descriptions, including text, graphics and photographs, all of which serve to promote Stahls' Goods and Services in a favorable and attractive manner. Among the compendium of product descriptions for Stahls' Goods and Services are certain original, creative and distinctive works of particular heat transfer presses identifiable by the FUSION Mark ("Stahls' Website Content").

30.     At all relevant times, Stahls' has been the holder of the exclusive rights to Stahls' Website Content, including derivative works. Stahls' Website Content is registered at the United States Copyright Office under Registration No. TX 8-137-698. A copy of the application and an interim Registration Certificate for Stahls' Website Content is attached as **Exhibit C**.

11

31.    Stahls' is the owner, by valid assignment, of all right, title, and interest in and to the '739 Patent, including the right to seek remedies and relief for past infringement thereof.

32.    The '739 Patent, titled "Heat Seal Machine With Open Throat," was duly and legally issued by the United States Patent and Trademark Office on April 16, 2013. A true copy of the '739 Patent is attached hereto as **Exhibit D**.

### DEFENDANTS' WRONGFUL ACTS

33.    Defendants have in the past and currently produce, market, import, sell and/or offer to sell heat transfer presses and related goods ("Defendants' Goods").

34.    Defendants advertise, offer for sale, and sell at least some of such products under the infringing FUSION Mark, including heat presses, which are advertised in the same or similar marketing channels and channels of trade used by Stahls'. A screenshot of Defendants' website (www.vevor.com) prominently featuring use of the infringing FUSION mark in connection with the sale of heat presses is attached as **Exhibit E**, a portion of which is reproduced below:

12



35.     The infringing mark used by Defendants is identical and/or confusingly similar to Stahls' FUSION Mark. Defendants advertise, represent or otherwise claim to manufacture or be the creator of a "Swing Draw Motion" heat press, that purports to be a substitute of Stahls' patented FUSION heat press.

36.     Defendants advertise, market, sell and/or offer to sell heat presses that prominently feature use of the infringing mark on third-party websites, including online retailers such as eBay® and Amazon®, in a deliberate effort to trade on the goodwill inherent in Stahls' FUSION Mark. Screenshots of Defendants' listing on

eBay® (www.ebay.com) and Amazon.com® (www.amazon.com) conspicuously

feature the infringing mark in connection with heat presses:





37.     Defendants advertise, market and solicit for sale heat presses prominently featuring the infringing FUSION mark on social media platforms such as Facebook® (www.facebook.com). A screenshot of Defendants' Facebook® account (VEVOR) exemplifies the unauthorized and confusingly similar use of the infringing FUSION mark in connection with the sale and advertisement of heat presses:



38.     Defendants' use of the infringing FUSION Mark with the advertising and sale of goods has caused and will continue to cause confusion, mistake or deception as to the source or origin of Defendants' Goods and is likely to suggest falsely a sponsorship, connection, license, endorsement or association of Defendants' Goods with Stahls', to the detriment of Stahls' and the consuming public.

39.    Defendants were able to access Stahls' Website Content publicly made available at least as early as 2015. Subsequent to Defendants having had access to Stahls' Website Content, Defendants have cloned, reproduced, displayed and/or distributed copies of Stahls' Website Content without Stahls' consent or authorization on its website (www.vevor.com). Screenshots of its website (www.vevor.com) demonstrate that Defendants copied Stahls' proprietary copyrightable subject matter and committed egregious acts of false or misleading statements of fact:

The air fusion heat press machine could transfer photos, words, on cotton, fiber, metal, ceramic, glass etc. Suitable for producing gift,advertisement etc. It can be able to apply transfers, letters, numbers and images onto T-shirts, garments, bags, mouse mats, jigsaw puzzles, ceramic tiles, plates and other flat surfaced items.
This swing away heat press gives you the power to quickly and easily position garments on the lower platen, significantly increasing production speed. Simply position, press, then rotate to decorate any area on the garment — front, back or sides — without removing from the platen. Save steps, save time efficiently. All of the features and benefits of the Fusion heat press, now in a heavy-duty model powered by an air compressor (not included). With hands-free auto-swing, innovative platen design, the air fusion eliminates the need for pillows and pads while offering operators a heat-free workspace. Upper platen measures 16" x 20". Available in pedestal and table top models. The machine is CE certified and come with 2 years free warranty.



40.    As a result of Defendants misappropriation and use of Stahls' proprietary works in Stahls' Website Content, Defendants product description for its heat press misrepresents that it is "hands-free auto-swing" and has "[a]ll of the features and benefits of the Fusion heat press, now in a heavy-duty model powered by an air compressor (not included)" when, in reality, Defendants heat press is vastly inferior in quality and performance than that of Stahls' FUSION Mark heat

press, and upon information and belief, is manually powered by hand. The misappropriation even includes the words "AIR FUSION", which are identical to the use of the same nomenclature including Stahls' use of AIR in combination with its FUSION Mark to differentiate this specialized feature from Stahls' other FUSION heat press when the infringing product lacks this feature. Perhaps, as recognition of this misappropriation, apparently Defendants' are manufacturing and/or selling one or more private labeled heat presses under the misconception that it has certain features that are, in fact, lacking. Indeed, as merely one example an unsolicited video review of Defendants' private labeled infringing product, upon information and belief, uploaded to YouTube® (www.youtube.com) describes it as a "cheap knockoff of the FUSION," in reference to Stahls' FUSION Mark heat press, and further declares that "it does not have, not even half of the stuff as the FUSION has [*sic*]," which review is publically accessible at the YouTube website through the web address:

https://www.youtube.com/watch?v=gtIH3P8B85w.

41. Defendants' confusingly similar use of Stahls' Website Content infringes upon Stahls' exclusive rights in the registered copyright work, and has deprived Stahls' of sales of Stahls' Goods and Services, has in other respects caused irreparable harm to Stahls', and will continue to cause Stahls' injury and loss of profits unless Defendants' infringement is enjoined by the Court.

18

42.     On information and belief, Defendants have in the past produced, marketed, imported, distributed, sold and/or offered to sell, and currently produce, market, import, distribute, use, sell and/or offer to sell within the United States, including the Eastern District of Michigan, heat transfer presses, including but not limited to product name "16x20 Inch 40x50 cm Swing Arm Air Fusion Heat Press Transfer Machine T-shirt Sublimation" ("Defendants' Heat Press"), that infringe one or more of the claims of the '739 Patent. Defendants are importing, manufacturing, offering to sell and/or selling in the United States to compete with Stahls' FUSION heat press.

## COUNT I

### Infringement of U.S. Patent No. 8,418,739

43.     Stahls' incorporates by reference all allegations of Paragraphs 1-42 as if fully set forth herein.

44.     Defendants have infringed, and continue to infringe, directly, contributorily, and/or actively induce infringement of the '739 Patent in violation of 35 U.S.C. § 271 by making, using, distributing, offering to sell, selling and/or importing heat transfer presses, including the Defendants' Heat Press that also, on information and belief, encompasses a number of private labeled heat presses including, but not limited to, the EnduraPRESS heat press, upon which one or more of the claims of the '739 Patent cover, without authority to do so.

19

45.     Defendants are infringing one or more claims of the '739 Patent literally, or under the doctrine of equivalents, by making, using, distributing, offering to sell, selling and/or importing the Defendants' Heat Press and/or private labeled heat presses.

46.     On information and belief, Defendants are infringing at least claim 12 of the '739 Patent literally by way of Defendants' express admission on its website (www.vevor.com) that Defendants' Heat Press has a Liquid Crystal Display control panel with functionality to store settings and provide live digital time, temperature *and* pressure readout.

47.     Stahls' has been and will continue to be pecuniarily and irreparably damaged by Defendants' infringement, including diversion of customers, lost sales and lost profits, unless this Court enjoins Defendants from continuing their infringement pursuant to 35 U.S.C § 283.

48.     Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, this is "exceptional case" pursuant to 35 U.S.C § 285 and Stahls' is entitled to attorney's fees and costs.

49.     Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, Stahls' is entitled to an award of treble damages under 35 U.S.C § 284.

20

## COUNT II

### Federal Trademark Infringement

### 15 U.S.C. § 1114

50.    Stahls' incorporates by reference all allegations of Paragraphs 1-49 as if fully set forth herein.

51.    The unauthorized appropriation and use by Defendants in commerce of the  infringing FUSION Mark, which is identical to or confusingly similar to Stahls' FUSION Mark, in connection with goods and services that are either identical or similar in type to those offered by Stahls' is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Stahls' goods and commercial activities, and thus infringes Stahls' rights in its federally registered mark under 15 U.S.C. § 1114. Defendants' actions have been carried out in willful disregard of Stahls' rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52.    Because Defendants' wrongful acts have and will continue to irreparably injure Stahls', Stahls' FUSION Mark and the reputation and goodwill associated therewith. Stahls' will continue to be irreparably harmed unless Defendants' are restrained from further infringement of the FUSION Mark under Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a).

21

53.     Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, Stahls' is entitled to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

54.     As a direct and proximate result of Defendants' action, this is an exceptional case, and thus Stahls' is entitled to an award of attorney's fees and costs under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT III

### Federal Unfair Competition

### 15 U.S.C. § 1125(a)

55.     Stahls' incorporates by reference all allegations of Paragraphs 1-54 as if fully set forth herein.

56.     The unauthorized use by Defendants of the infringing FUSION Mark for heat press transfer goods is likely to cause the public to mistakenly believe that such goods originate from, are endorsed by or are in some way affiliated with Stahls' and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition and is likely to cause Stahls' FUSION Mark to lose its significance as an indicator of origin. Defendants' actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22

57.     On information and belief, the unauthorized appropriation of Stahls' FUSION Mark by Defendants as set forth above is a part of a deliberate plan to trade on the valuable goodwill established by Stahls' FUSION Mark. The actions of Defendants have been carried out in willful disregard of Stahls' rights in violation of 15 U.S.C. § 1125(a).

58.     By reason of Defendants' actions, Stahls' has suffered and will continue to suffer irreparable harm to the FUSION Mark, unless Defendants' are restrained from further infringement of the FUSION Mark under Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a).

59.     Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, Stahls' is entitled to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

60.     As a direct and proximate result of Defendants' actions, on information and belief, this is an exceptional case, and thus entitled to an award of attorney's fees and costs under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT IV

## Federal False Advertising

## 15 U.S.C. 1125(a)

61.    Stahls' incorporates by reference all allegations of Paragraphs 1-60 as if fully set forth herein.

62.    Defendants in interstate commerce, market, advertise, represent and otherwise claim to manufacture or be the creator of a "Swing Draw Motion" heat press, that is a substitute of Stahls' patented FUSION Mark heat press. Defendants product description for its heat press misrepresents that it is "hands-free auto-swing" and has "[a]ll of the features and benefits of the Fusion heat press, now in a heavy-duty model powered by an air compressor (not included)" when, in reality, Defendants heat press is vastly inferior in quality and performance than that of Stahls' FUSION Mark heat press, and upon information and belief, is manually powered by hand.  The misappropriation even includes the words "AIR FUSION", which are identical to the use of the same nomenclature including Stahls' use of AIR in combination with its FUSION Mark to differentiate this specialized feature from Stahls' other FUSION heat press when the infringing product lacks this feature. Additionally, Defendants' false and misleading statements that its heat press has a Liquid Crystal Display control panel with functionality to store settings and provide live digital time, temperature *and* pressure readout go to an inherent

24

quality or characteristic of Defendants' product. Upon further information and belief, Defendants' false and misleading statements have influenced consumers' purchasing decisions in this District and elsewhere and will continue to do so unless enjoined by this Court.

63.    Defendants intend for its heat press to be a substitute product for Stahls' FUSION heat press.

64.    Defendants intend consumers and businesses to rely on this information and to form the belief that Defendants' heat press is a substitute for Stahls' FUSION heat press.

65.    Defendants' advertisements, representations, and promotional claims about its heat press are literally and/or impliedly false and misleading and tend to deceive a relevant portion of consumers.

66.    Defendants' have violated 15 U.S.C. §1125(a) which provides in relevant part that "any person who, on or in connection with any goods or services, . . uses in commerce any . . . false or misleading description of fact or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable to a civil action by any person who believes that he or she is likely to be damaged by such act."

67.     By reason of Defendants' conduct, Stahls' will continue to suffer irreparable harm to its business, its FUSION Mark, its reputation and goodwill, unless Defendants' are enjoined by this Court under Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a).

68.     Pursuant to 15 U.S.C. § 1117, Stahls' is entitled to damages for Defendants' Lanham Act violations, an accounting of profits made by Defendant on sales of the infringing mark products and recovery of Stahls' costs and reasonable attorneys' fees incurred in this action.

69.     Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, Stahls' is entitled to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

70.     As a direct and proximate result of Defendants' actions, this is an exceptional case, and thus Stahls' is entitled to an award of attorney's fees and costs under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

<u>COUNT V</u>

**Federal Copyright Infringement**

**17 U.S.C. §501**

71.     Stahls' incorporates by reference all allegations of Paragraphs 1-70 as if fully set forth herein.

26

72. Stahls' is the creator of unique and distinctive works including Stahls' Webpage Content containing original material that is copyrightable subject matter protected under the Copyright Laws of the United States.

73. Defendants have intentionally cloned, reproduced, distributed copies of, prepared derivative works, and/or promoted illegal and unauthorized copies of Stahls' Website Content and, even if fleeting or ephemeral, the unauthorized display of cloned and/or derivative work based upon Stahls' Website Content is in violation of Stahls' exclusive rights in its copyright pursuant to 17 U.S.C. § 501(a).

74. By reason of Defendants' actions, Defendants have directly, contributorily and/or actively induced infringement of Stahls' Website Content as protected under Copyright Registration TX 8-137-968, and will continue to do so in this District and elsewhere throughout the United States to the irreparable damage of Stahls' unless enjoined by this Court pursuant to 17 U.S.C. § 502.

75. Because Defendants' actions, upon information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' proprietary and exclusive rights in its copyright, Stahls' is entitled to increased statutory damages of $150,000 per infringing act pursuant to 17 U.S.C. § 504(C)(2).

27

76.    As a direct and proximate result of Defendants' actions, this is an exceptional case, and thus Stahls' is entitled to an award of attorney's fees and costs under 17 U.S.C. § 505.

## COUNT VI

### Common Law Unfair Competition, Misappropriation

### And Trademark Infringement

77.    Stahls' incorporates by reference all allegations of Paragraphs 1-76 as if fully set forth herein.

78.    Defendants have used the infringing FUSION Mark in a manner that is likely to cause confusion, to cause mistake or to deceive, as to the origin, sponsorship, or approval of Defendants' products and commercial activities.

79.    By its aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, Defendants continue to misappropriate the valuable goodwill of Stahls' FUSION Mark, to infringe Stahls' rights therein, and to unfairly compete with Stahls' under the laws of Michigan.

80.    Stahls' has suffered and will continue to suffer actual damages unless Defendants' conduct is enjoined.

81.    Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, an award of exemplary and/or punitive damages is justified.

## COUNT VII

## Common Law Dilution

82.     Stahls' incorporates by reference all allegations of Paragraphs 1-81 as if fully set forth herein.

83.     Defendants' advertising and sale of goods under the infringing FUSION Mark has and is continuing to cause injury to the business reputation of Stahls' and dilute the distinctive quality of Stahls' FUSION Mark in violation of the laws of Michigan.

84.     Stahls' has suffered and will continue to suffer actual damages unless Defendants' conduct is enjoined.

85.     Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, an award of exemplary and/or punitive damages is justified.

## COUNT VIII

## Violation of M.C.L.A. § 445.901 et seq.

## Michigan Consumer Protect Act

86.     Stahls' incorporates by reference all allegations of Paragraphs 1-85 as if fully set forth herein.

87.     Defendants, through their above-described conduct, have engaged in unlawful, unfair and fraudulent business practices within the meaning of the

29

Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq. by causing a probability of confusion as to the source, sponsorship, approval or certification of Defendants' Goods.

88. Defendants' advertisements and marketing materials for Defendants' heat press contains false and misleading statements in violation of the Michigan Consumer Protection Act, M.C.L.A. § 445.901 et seq., by misrepresenting that Defendants' goods have characteristics, uses or benefits that they do not have.

89. Defendants in this District market, advertise, represent and otherwise claim to manufacture or be the creator of a "Swing Draw Motion" heat press, that is a substitute of Stahls' patented FUSION heat press. Defendants product description for its heat press misrepresents that it is "hands-free auto-swing" and has "[a]ll of the features and benefits of the Fusion heat press, now in a heavy-duty model powered by an air compressor (not included)" when, in reality, Defendants heat press is vastly inferior in quality and performance than that of Stahls' FUSION Mark heat press, and upon information and belief, is manually powered by hand. The misappropriation even includes the words "AIR FUSION", which are identical to the use of the same nomenclature including Stahls' use of AIR in combination with its FUSION Mark to differentiate this specialized feature from Stahls' other FUSION heat press when the infringing product lacks this feature. Additionally, Defendants' false and misleading statements that its heat press has a

30

Liquid Crystal Display control panel with functionality to store settings and provide live digital time, temperature *and* pressure readout go to an inherent quality or characteristic of Defendants' product. Upon further information and belief, Defendants' false and misleading statements have influenced consumers' purchasing decisions in this District and elsewhere and will continue to do so unless enjoined by this Court.

90.    Stahls' has suffered and will continue to suffer actual damages unless Defendants' conduct is enjoined.

91.    Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Stahls' rights, an award of exemplary and/or punitive damages is justified.

## COUNT IX

### Unjust Enrichment

92.    Stahls' incorporates by reference all allegations of Paragraphs 1-91 as if fully set forth herein.

93.    Defendants are being unjustly enriched to the damage and irreparable harm of Stahls'.

### REQUESTED RELIEF

WHEREFORE, Plaintiff Stahls' Inc., d/b/a GroupeSTAHL, prays for entry of judgment from this Court that:

31

a.  United States Patent No. 8,418,739 was duly and legally issued, and is valid and enforceable;

b.  Defendants have directly and/or contributorily infringed United States Patent No. 8,418,739, and/or actively induced infringement of United States Patent No. 8,418,739 by others;

c.  Defendants, and those acting in active concert, be preliminarily and permanently enjoined from engaging in any further acts of infringement of United States Patent No. 8,418,739;

d.  Stahls' be awarded damages adequate to compensate for the patent infringement by Defendants pursuant to 35 U.S.C. § 284, together with prejudgment interest;

e.  Defendants' patent infringement has been willful, thereby entitling Stahls' to recover treble damages, pursuant to 35 U.S.C. § 284;

f.  The patent infringement by Defendants has been such as to render this action exceptional, and Stahls' be awarded reasonable attorney's fees, pursuant to 35 U.S.C. § 285;

g.  Stahls' is the owner of the entire right, title and interest in and to the FUSION Mark;

h. Stahls' FUSION Mark is valid, enforceable and violated by Defendants and that Defendants have violated and are violating other relevant federal and state laws and regulations;

i. Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from (1) using Stahls' FUSION Mark, any designations incorporating the foregoing and any variations thereof; and (2) otherwise infringing Stahls' FUSION Mark and competing unfairly with Stahls', pursuant to 15 U.S.C. § 1116(a) ;

j. Defendants willfully infringed Stahls' trademark rights, thereby entitling Stahls' to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

k. The Lanham Act violation by Defendants has been such as to render this action exceptional, and Stahls' be awarded reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1117(a);

l. Defendants be held to have infringed Stahls' copyright and an increased award of increased statutory damages for willful infringement pursuant to 17 U.S.C. § 504;

m. Defendants be required to pay Stahls' costs of this action along with attorney's fees as is permitted under 17 U.S.C. § 505;

33

n.  Defendants be required to pay actual damages plus reasonable attorney's fees pursuant to M.C.L.A. § 445.911;

o.  Defendants be required to pay Stahls' such damages, statutory or otherwise, together with prejudgment interest thereon, that Stahls' has sustained as a consequence of Defendants' wrongful acts, and to account for and return to Stahls' monies, profits and advantages wrongfully gained by Defendants;

p.  All damages sustained by Stahls' be trebled;

q.  Defendants be required to pay to Stahls' punitive and exemplary damages;

r.  Defendants be required to pay to Stahls' all attorney's fees, expenses and costs incurred in this action; and

s.  Stahls' be awarded such other and further relief as this Court may deem to be just and proper.

## **JURY DEMAND**

Plaintiff, Stahls' Inc., d/b/a GroupeSTAHL hereby makes demand for a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues triable to a jury of this lawsuit.

<br>

Respectfully submitted,
FISHMAN STEWART PLLC

Dated:  January 21, 2016          /s/ Michael B. Stewart (P45318)
                                  Michael B. Stewart (P45318)
                                  Kameron F. Bonner (P78020)
                                  *Attorneys for Plaintiff*
                                  39533 Woodward Avenue, Suite 250
                                  Bloomfield Hills, MI  48304
                                  Tel: (248) 594-0600
                                  Fax: (248) 594-0610

35

# CERTIFICATE OF SERVICE

I hereby certify that on January 21. 2016, I electronically filed the foregoing paper with the Clerk of the United States District Court, Eastern District of Michigan, using the CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/ Michael B. Stewart (P45318)
Michael B. Stewart (P45318)
Kameron F. Bonner (P78020)
FISHMAN STEWART PLLC
39533 Woodward Avenue
Bloomfield Hills, MI  48304
248-594-0650
mstewart@fishstewip.com
kbonner@fishstewip.com
*Attorneys for Plaintiff*